```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SONJA GRIFFIN-ROBINSON,<br><br>                Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HEALTH AND HOSPITALS; MITCHELL KATZ, PRESIDENT AND CEO; LISE WILSON, SOCIAL WORKER; RONALD COBB, MD; CHRISTOPHER PENA, MD,<br><br>                Defendants. | 21-CV-4881 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated her rights under federal and state law. By order dated June 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings her claims using the Court's general complaint form. She invokes both the Court's federal question jurisdiction and diversity of citizenship jurisdiction. In response to the question on the form asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "There was a breach in the protection under my medical information being disclosed to a person not involved in the treatment. This information was disclosed by Social worker Lise [W]ilson without authorization that has resulted in harassment." (ECF 2, at 2.) She names as Defendants social worker Lise Wilson, Drs. Ronald Cobb and

Christopher Pena, and Mitchell Katz, President and CEO of New York City Health + Hospitals (H+H), the agency that operates Harlem Hospital.[1]

Plaintiff alleges that Wilson "spoke to [Westchester County Assistant District Attorney] Adrian Murphy about plaintiffs medical condition and the seriousness of a non-existentent criminal charge," and that Wilson has "spew[ed] this information all over Harlem hospital . . . to the point that it has affected how plaintiff is being treated medically." (*Id.* at 7.) Plaintiff alleges that Murphy told Wilson that Plaintiff was charged with criminal possession of a firearm, a statement that Plaintiff appears to allege is false. (*Id.*)

Plaintiff asserts that "ADRIAN MUPRHY has been trying to override doctors orders for the [Plaintiff] not to travel up to Westchester County to Court."[2] (*Id.*) But because ADA Murphy

> cannot be prosecuted for any crimes while in office, she has used LISE WILSON to harass [Plaintiff] and as a result of these false/slanderous allegations . . . [Plaintiff] is not being treated and it has also resulted in a Coupe to try and get the [Plaintiff] removed from the hospital for treatment.

(*Id.*)

The complaint references letters written to the state court from doctors and others explaining why Plaintiff should not be traveling to court. (*See id.* at 9-10.) Plaintiff maintains that the state courts are "hell bent" on trying to override the doctors' orders and to "force" her to go to Westchester County for a "rigged trial." (*Id.* at 10.) And despite Plaintiff's doctors' orders that she "remain immobile, [New York State Supreme Court] Justice Warhit [h]arasses the petitioner with threat's of prison, warrants for her arrest, etc." (*Id.*) Plaintiff therefore asks this

---

[1] It is unclear whether Plaintiff also intends to sue H+H itself. She appears to list it as a separate defendant in that caption of the complaint, but does not list it as a defendant in the body of the complaint. (*See* ECF 2, at 1, 4-5.)

[2] The complaint alleges no facts about the nature of Plaintiff's state court proceedings or whether she has been charged with a crime.

Court "to enjoin both actions so that this Court can see the harassment perpetuated by the Westchester County District Attorney's office and the Court." (*Id.* at 10.)

Plaintiff also alleges that Doctors Pena and Cobbs are "complicit in the conspiracy to report false incidents, slander, and deliberate indifference to try and have the petitioner 'ousted' from the hospital's patient roster where she is scheduled for several surgeries that are life threatening so that they do not have to treat her." (*Id.* at 13.)

Plaintiff seeks $2.8 million in damages from Wilson for slander and disclosure of Plaintiff's personal medical information to Murphy in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). She also seeks $275,000 each from Cobbs and Pena for "being complicit in the conspiracy to report false incidents, slander, and deliberate indifference" to having Plaintiff "ousted" from the hospital, *id.* at 13, and $11 million from Katz for his "lack of care due to LISE WILSON's conduct," *id.* at 14.

## DISCUSSION

**A.    HIPAA claims**

Plaintiff has previously brought similar, if not identical, claims against Wilson and Harlem Hospital (which is operated by H+H). In an order dated May 6, 2020, Judge Louis L. Stanton dismissed Plaintiff's HIPAA claims against Wilson, Harlem Hospital, and ADA Murphy because Plaintiff's allegations failed to suggest a violation of HIPAA, and even if Plaintiff could allege such a violation, HIPAA does not provide a private cause of action allowing an individual suit. *See Griffin-Robinson v. Salov*, ECF 1:20-CV-2712, 6 (S.D.N.Y. May 6, 2020). Judge Stanton's order also noted that HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. (*Id.* at 18) (citing 45 C.F.R. § 164.512(e)(1)(i), (ii)).

4

Notwithstanding Judge Stanton's order, Plaintiff again asserted claims under HIPAA against Wilson and Murphy in her second amended complaint. *Salov*, ECF 1:20-CV-2712, 8, at 14-16. In a subsequent order, Judge Paul A. Engelmayer, to whom the case was reassigned, again dismissed Plaintiff's claims under HIPAA against Wilson and Murphy for the same reasons stated in Judge Stanton's May 6, 2020 order. *Salov*, ECF 1:20-CV-2712, 10 (S.D.N.Y. Sept. 21, 2020).

Here, Plaintiff again reasserts her HIPAA claims against Wilson, and appears to also attempt to bring HIPAA claims against Katz and possibly H+H. As Judge Stanton found in his May 6, 2020 order and Judge Engelmayer restated in his September 21, 2020 order, HIPAA does not provide a private right of action. *See Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). The Court therefore dismisses Plaintiff's HIPAA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against Cobb and Pena**

It is unclear what, if any, federal claims Plaintiff may be asserting against Cobb and Pena. Even when read with the solicitude afforded *pro se* submissions, the Court is unable to identify any cognizable federal claim that Plaintiff may be attempting to assert against these Defendants. The Court therefore dismisses any federal claims Plaintiff may be attempting to assert against Cobb and Pena for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.     Warning**

Plaintiff is warned that further repetitive litigation will result in an order barring her from filing new actions IFP without prior permission from the Court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: July 6, 2021
        New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge